# McKeesport v. Pittsburg, McKeesport & Connellsville Railway Company, Appellant.

*Street railways—Paving streets—Ordinance—Municipalities.*

Where a city ordinance gives to a street railway company the right to lay tracks upon certain streets specified by name, and further provides that "on all highways traversed by said company which shall hereafter be improved, said company shall pay the cost of the improvement between its tracks and lines of tracks, and one foot on each side thereof," the ordinance applies to the improvement of all streets occupied by the company; and not merely to those enumerated in the ordinance.

Argued Nov. 2, 1905. Appeal, No. 92, Oct. T., 1905, by defendant, from judgment of C. P. No. 2, Allegheny Co., April T., 1903, No. 518, for plaintiff on case stated in suit of McKeesport v. Pittsburg, McKeesport & Connellsville Railway Company. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Case stated to determine liability for street improvement.

FRAZER, P. J., filed the following opinion :

This action is to recover from defendant the sum of $5,014.17 with interest from August 1, 1901, being a proportionate share of the cost of improving Cherry lane in plaintiff city.

The facts agreed upon by the parties and filed February 24, 1905, in substance show that defendant company is an incorporated street railway company, the successor of and owning the franchises of the Citizens' Passenger Railway Company, the McKeesport and Wilmerding Railway Company and the McKeesport, Wilmerding and Duquesne Railway Company. On or about October 15, 1894, the supervisors of Versailles township in an agreement in writing authorized the McKeesport and Wilmerding Railway Company to occupy Cherry lane, which highway at that time was situate in Versailles township. In accordance with the consent so granted that company entered upon Cherry lane and constructed thereon its railway tracks, and since that time the same have been maintained and used by the McKeesport and Wilmerding Railway Company during its

existence and since its organization by defendant.    The portion of Versailles township in which Cherry lane is located became a part of the city of McKeesport on July 28, 1897.    By ordinance of the city of McKeesport, passed and approved on April 4, 1898, the McKeesport, Wilmerding and Duquesne Railway Company, for the purpose of extending its lines, was granted permission to use and occupy with its tracks certain additional streets in plaintiff city, Cherry lane not being one of the streets mentioned in that ordinance.    That ordinance, in consideration of the rights granted, imposed certain duties upon the railway company, the portion applicable to this controversy being as follows : " On all improved streets occupied under this ordinance, said company shall, at its own expense and cost, restore and repave the same in a good and workmanlike manner, and on all unimproved streets shall lay its ties on a bed of broken stone not less than eight inches deep, and place broken stone between the ties and to the top thereof, and shall at all times keep the space between its tracks and lines of tracks and one foot on each side of its tracks in good and complete repair. On all highways traversed by said company which shall hereafter be improved said company shall pay the cost of the improvement between its tracks and lines of tracks and one foot on each side thereof."

On July 9, 1900, an ordinance was passed by the councils of plaintiff city and approved July 14, 1900, providing for the grading, paving and curbing of Cherry lane between certain points, and in accordance therewith that street was graded, paved and curbed, which was the first improvement of the street. The proportionate cost of the improvement on the portion of the street occupied by defendant between its tracks and for a foot on each side thereof is $5,014.07.    This sum plaintiff claims is due it from defendant by reason of the terms of the ordinance of April 4, 1898; the clause relied upon to support this claim being quoted above.    The agreement of the parties above referred to also provides that if the court shall be of the opinion that plaintiff is entitled to recover from defendant under the facts agreed upon for a portion of the cost of the improvement of Cherry lane, judgment shall be entered in favor of plaintiff and against defendant for the sum claimed with interest; if of opinion that plaintiff is not entitled to recover, then judgment

to be entered for defendant. The sole question here is the effect of the clause which provides that the company shall pay the cost of the improvement between its tracks and lines of tracks and one foot on each side thereof of all highways traversed by it which shall hereafter be improved, plaintiff's contention being that this clause applies to all streets in the city upon which defendant's tracks are located, while defendant's contention is that the clause applies merely to streets included in the ordinance of which it is a part. The constitution provides that, "No street passenger railway shall be constructed within the limits of any city, borough or township without the consent of its local authorities." This language is also incorporated in the street railway act of 1889. Under these provisions a municipality may undoubtedly impose reasonable conditions to a right granting the use of its streets for street railway purposes: Allegheny v. Railway Co., 159 Pa. 411. That a requirement that the company in consideration of the privilege of using certain streets shall pay the cost of paving such streets between its tracks and one foot on each side thereof is a reasonable condition, is not denied. Therefore, if the ordinance of April 4, 1898, applies to all streets upon which defendant's tracks are laid, judgment must be entered for plaintiff. Giving the words used in the ordinance their natural, plain and ordinary signification, they are certainly broad enough to impose the duty upon defendant of paying a proportionate share of the cost of improving all highways upon which its tracks are laid, and that it was intended they should do so seems clear. After requiring defendant to repave all improved streets and leave in good condition all unimproved streets "occupied under this ordinance," it is further provided in another separate and distinct clause that defendant shall pay a proportionate cost of the improvement of "All highways traversed by said company which shall hereafter be improved." This language is not doubtful and, in the absence of any provision limiting its application to streets included in the ordinance or any words indicating an intention to do so, the language used should be given its ordinary meaning. The city having the power to impose conditions under which streets shall be used, and in plain and unmistakable words having prescribed the conditions under which the extension provided for in the ordinance of April 4,

1898, should be built, and those conditions having been accepted by defendant company, it must comply therewith and discharge the burden they place upon it.    The permission given by the supervisors of Versailles township, it seems to us, has no bearing upon this case, there being nothing in that permission which prevents the city from imposing additional burdens upon the company in the event of further privileges being given it.

And now, April 6, 1905, it is ordered that judgment be entered in favor of plaintiff and against defendant for the sum of $5,816.22, with costs of suit.

Judgment for plaintiff on case stated.

*Error assigned* was the judgment of the court.

*James H. Beal*, of *Read, Smith, Shaw & Beal*, with him *Robert P. Watt, E. P. Douglass*, and *J. Paul Fife*, for appellant.

*W. B. Rodgers*, with him *W. E. Newlin*, for appellee.

PER CURIAM, January 2, 1906:
Judgment affirmed on the opinion of the court below.